## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

**JOSHUA FIKES,**
Inmate No. A526828
Marion Correctional Institution
940 Marion-Williamsport Rd.
P.O. Box 57
Marion, Ohio 43302

      Plaintiff,

-vs-

**DUSTIN SMITH, et al.,**
Marion Correctional Institution
940 Marion-Williamsport Rd.
P.O. Box 57
Marion, Ohio 43302

**SHEYENNE WILHELM,**
Marion Correctional Institution
940 Marion-Williamsport Rd.
P.O. Box 57
Marion, Ohio 43302

**MARK BAKER,**
Marion Correctional Institution
940 Marion-Williamsport Rd.
P.O. Box 57
Marion, Ohio 43302

      Defendants.

Case No.  **3:24 CV 405**

**JUDGE JAMES G. CARR**

**MAG JUDGE CLAY**

**COMPLAINT**

## INTRODUCTION

1.    Plaintiff, Joshua Fikes, pro se, hereby brings this civil rights action pursuant to 42 U.S.C.

§ 1983 against the individual Defendants Dustin Smith, Sheyenne Wilhelm, and Mark Baker, in

their personal capacities for multiple pieces of his legal mail being opened and copied outside of

his presence in violation of his First Amendment rights to the United States Constitution.

2.      Fikes is an inmate at the Marion Correctional Institution (hereinafter "MCI") of the Ohio Department of Rehabilitation and Correction (hereinafter "ODRC"), identified as inmate No. A526828, located in housing unit M-32A.

3.      Defendant, Dustin Smith (hereinafter "Officer Smith") is an ODRC employee of MCI, who works as a Mail Clerk/Screener in handling inmate incoming mail (see Appendix I, Exhibit 6-8) in the exterior ("outside") mailroom (see Appendix I, Exhibit 9-10) as designated by ODRC's policy 75-MAL-01(VI)(A)(2).

4.      Defendant, Sheyenne Wilhelm (hereinafter "Officer Wilhelm") is also an ODRC employee of MCI, who works as a Mail Clerk/Screener (see Appendix I, Exhibit 11-12, and 30) but periodically handles inmate incoming mail in the outside mailroom (see Appendix I, Exhibit 13, 24).

5.      Defendant, Lieutenant Mark Baker (hereinafter "Lt. Baker") is an ODRC employee of MCI, who works as the mailroom supervisor. (See, e.g, Appendix I, Exhibits 3-4, 10, 14, and 17.)

6.      ODRC's policy 75-MAL-01(VI)(A)(2) states that: "All incoming mail, except legal mail, shall be processed in an area located outside of the facility or in an area of the facility designated by the managing officer and approved by the appropriate regional director to minimize possible exposure. Each item shall be opened and processed under a ventless hood system designated to prevent exposure of staff to potentially hazardous substances and contamination of the area." (See Appendix I, Exhibit 5.)

7.      ODRC's policy 75-MAL-01(IV) defines "Legal Mail" as "[m]ail addressed to an inmate clearly bearing the return address of an attorney-at-law, a public service law office, a law school legal clinic, court of law, or the Correctional Institution Inspection Committee (CIIC)" and states

that "[i]t may be opened and inspected for contraband only in the presence of the inmate-addressee. Postcards from a court of law indicating fees and/or fines owed are not considered legal mail." (See id.)

8.  Ohio Administrative Code 5120-9-17(B), effective April 8, 2022, states in relevant part:

> (1) All mail, including electronic mail, other than legal mail, shall be opened and may be read or copied in the institution mail office and inspected for the presence of contraband, unauthorized forms of funds, and other threats to the security and safety of the institution. The written portion of the mail shall then be promptly delivered to the inmate, unless withheld in accordance with paragraph (G) of this rule.

> (2) "Legal mail" is mail addressed to an inmate clearly bearing the return address of an attorney-at-law, a public service law office, a law school legal clinic, court of law, or the correctional institution inspection committee that is marked with a valid control number provided by the department. It may be opened and inspected for contraband only in the presence of the inmate-addressee. "Legal mail" does not include postcards from a court of law that indicates fees and/or fines owed by the inmate-addressee. If mail is received from any of the groups listed in this paragraph without a valid control number, then it may be treated as a regular, non-legal mail, as set forth in paragraph (B)(1) of this rule....

9.  On March 30, 2023, via the prison's electronic kite system on a kiosk provided by JPay.com (hereinafter "JPay"), Fikes sent a request to MCI's mailroom staff, stating:

> I am requesting that any legal mail from a court or an attorney addressed to me is not opened outside of my presence pursuant to *Sallier v. Brooks*, 343 F.3d 868, 877 (6th Cir. 2003) ("In order to guard against the possibility of a chilling effect on a prisoner's exercise of his ... First Amendment rights and to protect the right of access to the courts,... mail from a court constitutes 'legal mail' and cannot be opened outside the presence of a prisoner who has specifically requested otherwise.").

(See Appendix I, Exhibit 1.)

10.  On March 31, 2023, Adanma Coleman (hereinafter "Officer Coleman"), another ODRC employee of MCI's interior ("inside") mailroom and Mail Clerk/Screener who worked with Kevin Drewek before his promotion (see Appendix I, Exhibits 15-19), responded to Fikes'

March 30, 2023 request and urged him to "kite the warden or warden[']s assistant with [his] issue." (See Exhibit 1.)

11.     On March 31, 2023, Fikes followed Officer Coleman's instructions by sending the same request via JPay to the warden's office that was sent to the mailroom on March 30, 2023. (See Appendix I, Exhibit 2.)

12.     On April 7, 2023, MCI's warden, Harold May, responded to Fikes' March 31, 2023 request that his legal mail from a court or an attorney is not opened outside of his presence, stating in part: "All incarcerated population mail, other than Legal Mail, shall be opened, and may be read, copied, and/or scanned in the institution mail room and inspected for … contraband." (See id.)

13.     On May 2, 2023, Fikes filed a grievance via JPay regarding two pieces of legal mail from the Ohio Court of Claims that was opened and copied on April 28, 2023 outside of his presence after his "specific request to the warden's office for such legal mail not to be opened outside of [his] presence" and, "[t]herefore,… request[ed] to know the name of the correctional officer who opened and copied [his] legal mail, what [wa]s going to be done to ensure that it does not happen again, and to receive the original documents of legal mail that was copied." (See Appendix I, Exhibit 3.)

14.     Fikes' grievance was denied after MCI's mailroom supervisor, Lt. Baker responded on May 3, 2023, stating in part that: ODRC only considers legal mail as mail that has a control number located on it … and if in fact there is … no control number then the mailroom personnel were correct in copying this mail as it is processed as regular mail." (See id.)

15.     On May 4, 2023, Fikes sent a kite via JPay to MCI's mailroom "requesting to know the name of the correctional officer working in the mailroom who opened legal mail outside of [his]

presence that was addressed to [him] from the [Ohio] Court of Claims, copied, and dated by the mailroom on April 28, 2023." (See Appendix I, Exhibit 20.)

16.     On May 10, 2023, Lt. Baker responded to Fikes' May 4, 2023 kite, stating that: "Legal mail has to have a control number located on it. If there is no control number, then your mail will be processed as regular mail. I will look into this issue and if in fact there is a control number then I will have [you] to come sign for it. Otherwise, if no such number exists then your mail will be copied and treated as regular mail." (See id.)

17.     On May 11, 2023, Lt. Baker called Fikes to his office (see Appendix I, Exhibit 21) and asked him, "what makes your legal mail so special and different from everyone else's?"

18.     When Fikes told Lt. Baker that he has a First Amendment right and did not want his legal mail opened and read outside of his presence, and that his legal mail from the Ohio Court of Claims involved a civil complaint filed against Officer Smith for losing Fikes' legal mail on a prior occasion, Lt. Baker responded, stating that nothing can stop him from reading Fikes' legal mail even in Fikes' presence and he ultimately mentioned that "we are going to follow the policy." (See, e.g., Appendix I, Exhibit 4 (Lt. Baker acknowledging discussion).)

19.     On May 12, 2023, stemming from the inquiry that followed upon Fikes being called to Lt. Baker's office on May 11, 2023, Fikes filed a second grievance pertaining to the two pieces of legal mail from the Ohio Court of Claims that was opened on April 28, 2023 and sought to demonstrate to Lt. Baker that his legal mail cannot be opened and read in an arbitrary and capricious fashion. (See id.)

20.     In the May 12, 2023 grievance, Fikes further asserted his First Amendment rights under *Sallier v. Brooks*, and raised his concern that his legal mail from the Ohio Court of Claims was

likely opened and read in an arbitrary and capricious fashion because those items contained a civil lawsuit against Officer Smith. (See id.)

21.     On May 15, 2023, MCI's Institutional Inspector Vicki Radebaugh (hereinafter "Ms. Radebaugh") denied Fikes' May 2, 2023 grievance, stating: "[M]aking a request to the Warden's officer as to how you would like to receive your mail from outside agencies handled does not negate the Administrative Rules or ODRC policy and procedures." (See Exhibit 3, p. 2.)

22.     On June 6, 2023, Ms. Radebaugh further denied Fikes' May 12, 2023 grievance, stating that "if an entity sending mail wants it to be delivered to the recipient as legal mail that agency has a responsibility to obtain a control number[;] otherwise it will be handled as regular mail." (See Exhibit 4, p. 2.)

23.     On October 24, 2023, Lt. Baker called Fikes to his office again but in regards to several pieces of legal mail from various dates that did not have a control number and had been opened outside of his presence. (See Appendix I, Exhibits 22-23.)

24.     During the October 24, 2023 colloquy, upon being asked by Lt. Baker whether or not he had a lawsuit pending about legal mail, Fikes replied "no" and reiterated his First Amendment right based on his March 31, 2023 request to the warden's office and that his legal mail could easily be opened in his presence, copied, and given to him with the original being destroyed through a shredder. (See id., Exhibit 23.)

25.     In response to Fikes' reiteration of his First Amendment right and assertion as to how his legal mail could be handled, Lt. Baker stated, "you expect me to open every inmate's legal mail in their presence because they make a request to the warden's office?" When Fikes replied "not every inmate's legal mail, just mines," Lt. Baker told Fikes "goodbye" and dismissed Fikes from his office. (See id. (asserting Lt. Baker gave an inappropriate response).)

26.     On November 17, 2023, while signing for legal mail that was provided by Officer

Wilhelm from the window of the inside mailroom, Fikes obtained confirmation that "she often

works in the outside mailroom" after he informed her "there [wa]s a couple of times that she was

on the work schedule whe[n] [his] legal mail that did not have a control number was opened

outside of [his] presence...." (See Appendix I, Exhibit 24.)

27.     On November 24, 2023, Officer Wilhelm acknowledged the conversation that she had

with Fikes on November 17, 2023 after he made a note of it to the mailroom via the prison's new

electronic kite system provided by ViaPath Technologies on a GTL (Global Tel Link) Tablet

assigned to him by MCI (hereinafter "Viapath"). (See id.)

28.     Also, on November 24, 2023, while present in Lt. Baker's office to obtain a copy of the

kite disclosing the November 17, 2023 conversation with Officer Wilhelm (see id), Lt. Baker

told Fikes that he knew and understood what Fikes was doing by keeping a record, that he told

his staff that as long as they follow the ODRC policy they had nothing to worry about, lawsuits

are a part of the job, and that he was curious to see how Fikes' lawsuit will turnout. (See, e.g.,

Appendix I, Exhibits 24-25.)

29.     On multiple occasions Officer Smith and Officer Wilhelm opened and copied Fikes' legal

mail outside of his presence after the date of his specific request for his legal mail from a court or

an attorney not to be opened outside of his presence pursuant to *Sallier v. Brooks*.

30.     On the multiple different dates that Officer Smith and Officer Wilhelm opened and

copied Fikes' legal mail outside of his presence, thereafter he requested that each piece of

original legal mail, including the envelope be mailed to Attorney Ronald J. Kozar (hereinafter

"Attorney Kozar") of Dayton, Ohio.

31.     Subsequently, Fikes made public records requests pursuant to Ohio Revised Code

("R.C.") 149.43 to Kasey Plank (hereinafter "Ms. Plank"), the Warden's Assistant of MCI, that

led to her providing him the job descriptions and MCI schedules disclosing the names of the

Mail Clerk/Screeners working in the inside or outside mailrooms on the different dates that his

legal mail was opened and copied outside of his presence. (See Appendix I, Exhibits 26-30, and

32.)

32.     Two specific public records requests made by Fikes to Ms. Plank in May and August

2023 (see Exhibit 28) led to the discovery that Officer Smith was given a "Notice of Written

Reprimand" in February 2023 for mishandling legal mail and regular mail in December 2022 on

two occasions, one of which was reported by Officer Coleman in an "Incident Report." (See id.)

33.     Officer Coleman's "Incident Report" noted a specific incident date on December 2, 2022

and states that:

> On the above date and time when training secretary Bauer in the outside mail
> room the following items were found that were not processed. There w[ere] four
> retirement checks for offenders post marked back to November 11th, and the 14th
> that was not sent in to be processed. There was over 60 letters from the courts
> post marked back to the beginning of November that had not been processed. I
> also found three legal letters with control numbers on them post marked
> 11/14/2022 (2) and 11/22/2022 that had not been sent in to be processed. When
> training Bauer[,] I found that most of the mail that is out there has been sitting
> since last month and not processed in order when it was brought into the
> institution. Be advised upon checking mail that had been processed most was junk
> mail or mail that should have been processed after mail from the courts and mail
> that was sent from the offender[']s family. EOR AC

(See id.)

34.     The following "Notice of Written Reprimand" issued by MCI's warden to Officer Smith

in February 2023 states that:

> On 12/2/2022 you did not process mail in the correct order, on 12/13/2022 you
> threw mail in the trash after you were directed by a supervisor to return it to the
> post office.

> In violation of SOEC Rule 7 and 8
>
> 7. Failure to follow post orders, administrative regulations, policies, or written or verbal directives.
>
> 8. Failure to carry out a work assignment or the exercise of poor judgment[.]
>
> In accordance, I am issuing you this Written Reprimand, a copy of which will be placed in your employee file.

(See id.)

35.     Fikes further made public records requests to Ms. Plank that led to her providing him the Employee Visit Records of the outside mailroom disclosing the names of each MCI employee that visited the outside mailroom on the days that Fikes' legal mail was opened outside of his presence. (See Appendix I, Exhibits 31-33.)

36.     The Employee Visit Records of the outside mailroom that were provided by Ms. Plank does not disclose all the specific dates that Fikes' legal mail was opened outside of his presence because the Mail Clerk/Screener(s) did not sign in when appearing to work and/or visiting the outside mailroom even though required to do so. (See Appendix I, Exhibit 35.)

37.     Ultimately, Fikes received the employee time-cards of Officer Smith and Officer Wilhelm from public records requests he made to Ms. Plank that reveals the dates that they were working in the outside mailroom when Fikes' legal mail was opened and copied outside of his presence. (See Exhibits 31-33.)

38.     For the deprivation of his First Amendment rights, Fikes demands a jury trial, as he is seeking separate awards of $5,000 (five thousand dollars) in compensatory and punitive damages for each piece of legal mail that Officer Smith and Officer Wilhelm opened and copied outside of his presence.

**PREVIOUS LAWSUITS**

39.     Fikes has not filed any other civil rights lawsuit in the state or federal courts dealing with the same facts involved in this action.

40.     As it relates to his imprisonment from his criminal convictions in the state court, Fikes did file a petition for a writ of habeas corpus under 28 U.S.C. §2254 against the warden of the Warren Correctional Institution on January 15, 2010. *See Fikes v. Warden, Warren Corr. Inst.*, No. 1:10-cv-021, 2011 U.S. Dist. Lexis 152994, *19 (S.D. Ohio, May 16, 2011).

41.     Fikes' habeas petition was assigned to the late Senior United States District Judge, S. Arthur Spiegel who denied his petition with prejudice on February 8, 2012. *See Fikes v. Warden, Warren Corr. Inst.*, No. 1:10-cv-00021, 2012 U.S. Dist. Lexis 15589, *13 (S.D. Ohio, Feb. 8, 2012).

## FIRST CAUSE OF ACTION

42.     On April 28, 2023, Officer Smith opened and copied outside of Fikes' presence two pieces of legal mail addressed to him from the Ohio Court of Claims, case No. 2023-00314JD, that he received as regular mail on May 1, 2023 in blatant disregard of his request in March 2023 to MCI's mailroom and warden's office that his legal mail from a court or an attorney not be opened outside of his presence. (See Exhibits 1 and 2.)

43.     One of the two pieces of legal mail that was opened by Officer Smith arrived to MCI in a parcel bearing the name and return-address of the Ohio Court of Claims, case number, and contained a letter dated April 20, 2023 and civil complaint filed on April 26, 2023 against Officer Smith for losing Fikes' legal mail that was sent to him from the Hamilton County Probate Court on December 29, 2022. (See Appendix I, Exhibit 37)

44.     The other piece of legal mail opened by Officer Smith was an envelope bearing the name and return-address of the Ohio Court of Claims, case number, and contained an "Order of the

Magistrate" and "Designation Form, Required by L.C.C.R 15(C)," filed on April 27, 2023. (See Appendix I, Exhibit 36.)

45.     The envelope of the legal mail containing the "Order of the Magistrate" and "Designation Form, Required by L.C.C.R." also bore a date-stamp of April 28, 2023 indicating MCI's date of receipt and/or delivery to Fikes. (See id.)

46.     Subsequently, Fikes used the prison's paper kite procedure and JPay to instruct MCI's mailroom personnel to mail out to attorney Kozar the original legal mail from the Ohio Court of Claims that was opened and copied on April 28, 2023. (See id., Exhibits 42-43.)

47.     Officer Smith works in MCI's outside mailroom as designated by ODRC's policy 75-MAL-01(VI)(A)(2) (see Exhibit 5), as a Mail Clerk/Screener where he was the person responsible for processing the incoming mail on April 28, 2023 before it entered the facility (see Exhibits 6-10).

48.     MCI's records that Ms. Plank provided to Fikes pursuant to Ohio Public Records Act, R.C. 149.43, reveals that Officer Smith was present and/or scheduled to work on April 28, 2023 when the two pieces of Fikes' legal mail was opened and copied outside of his presence. (See Appendix I, Exhibits 26-27, 31, 35, and 38-40.)

49.     Consequently, Fikes is seeking compensatory and punitive damages in the total amount of $10,000 (ten thousand dollars), thereby awarding him $5,000 (five thousand dollars) for each piece of legal mail that was opened on April 28, 2023 outside of his presence in violation of his First Amendment rights.

## SECOND CAUSE OF ACTION

50.     On May 18, 2023, Officer Smith opened and copied outside of Fikes' presence a third piece of legal mail addressed to him from the Ohio Court of Claims, case No. 2023-00314JD,

that he received as regular mail on May 18, 2023 in blatant disregard of his request in March 2023 to MCI's mailroom and warden's office that his legal mail from a court or an attorney not be opened outside of his presence. (See Exhibits 1 and 2.)

51.     The third piece of legal mail opened by Officer Smith arrived to MCI in an envelope bearing the name and return-address of the Ohio Court of Claims, case number, and contained an entry appointing Magistrate Judge Gary Peterson pursuant to Ohio Civ.R. 53. (See Appendix I, Exhibit 41.)

52.     The envelope of the legal mail containing the entry appointing Magistrate Gary Peterson pursuant to Ohio Civ.R. 53 also bore a date-stamp of May 18, 2023 indicating MCI's date of receipt and/or delivery to Fikes. (See id.)

53.     Subsequently, Fikes used the prison's paper kite procedure and JPay to instruct MCI's mailroom personnel to mail out to Attorney Kozar the original legal mail that was opened and copied on May 18, 2023. (See id., Exhibit 42-43.)

54.     Officer Smith works in MCI's outside mailroom as designated by ODRC's policy 75-MAL-01(VI)(A)(2) (see Exhibit 5), as a Mail Clerk/Screener where he was the person responsible for processing the incoming mail on May 18, 2023 before it entered the facility (see Exhibits 6-10).

55.     MCI's records that Ms. Plank provided to Fikes pursuant to Ohio Public Records Act, R.C. 149.43, reveals that Officer Smith was present and/or scheduled to work on May 18, 2023 when the third piece of Fikes' legal mail was opened and copied outside of his presence. (See Appendix I, Exhibits 31, 35, and 47-49.)

56. Consequently, Fikes is seeking compensatory and punitive damages in the total amount of $5,000 (five thousand dollars) for the third piece of legal mail that was opened on May 18, 2023 outside of his presence in violation of his First Amendment rights.

### THIRD CAUSE OF ACTION

57. During the weekdays of May 15, 2023 through May 19, 2023, Officer Smith opened and copied outside of Fikes' presence a fourth piece of legal mail addressed to him from the Warren County Prosecutor that he received as regular mail on or about May 19, 2023 in blatant disregard of his request in March 2023 to MCI's mailroom and warden's office that his legal mail from a court or an attorney not be opened outside of his presence. (See Exhibits 1 and 2.)

58. The fourth piece of legal mail that was opened by Officer Smith arrived to MCI in an envelope bearing the name and return-address of the Warren County Prosecutor David P. Fornshell, United States Postal Service postmark date of May 12, 2023, and contained a letter dated May 11, 2023 written pursuant to R.C. 2930.16(C)(2)(a), including a self-addressed envelope. (See Appendix I, Exhibit 44.)

59. Subsequently, Fikes used the prison's paper kite procedure and JPay to instruct MCI's mailroom personnel to mail out to Attorney Kozar the original legal mail from the office of the Warren County Prosecutor that was opened and copied during the weekdays of May 15 through May 19, 2023. (See id., Exhibits 45-46.)

60. Officer Smith works in MCI's outside mailroom as designated by ODRC's policy 75-MAL-01(VI)(A)(2) (see Exhibit 5), as a Mail Clerk/Screener where he was the person responsible for processing the incoming mail during the weekdays of May 15 through May 19, 2023 before it entered the facility (see Exhibits 6-10).

61.     MCI's records that Ms. Plank provided to Fikes pursuant to Ohio Public Records Act,

R.C. 143.49, reveals that Officer Smith was present and/or scheduled to work during the

weekdays of May 15 through May 19, 2023 when the fourth piece of Fikes' legal mail was

opened and copied outside of his presence, (See Appendix I, Exhibits 28, 31, 35, and 47-49.)

62.     Consequently, Fikes is seeking compensatory and punitive damages in the total amount

of $5,000 (five thousand dollars) for the fourth piece of legal mail that was opened during the

weekdays of May 15 through May 19, 2023 outside of his presence in violation of his First

Amendment rights.

## FOURTH CAUSE OF ACTION

63.     On June 6, 2023, Officer Smith opened and copied outside of Fikes' presence a fifth

piece of legal mail addressed to him from the Ohio Court of Claims, case No. 2023-00314JD,

that he received as regular mail on June 6, 2023 in blatant disregard of his request in March 2023

to MCI's mailroom and warden's office that his legal mail from a court or an attorney not be

opened outside of his presence. (See Exhibits 1 and 2.)

64.     The fifth piece of legal mail opened by Officer Smith arrived to MCI in an envelope

bearing the name and return-address of the Ohio Court of Claims, case number, and contained a

"Notice of Non-oral Hearing." (See Appendix II, Exhibit 50.)

65.     The envelope of the legal mail containing the "Notice of Non-oral Hearing" also bore a

date-stamp of June 6, 2023 indicating MCI's date of receipt and/or delivery to Fikes. (See id.)

66.     Subsequently, Fikes used the prison's paper kite procedure and Viapath to instruct MCI's

mailroom personnel to mail out to Attorney Kozar the original legal mail that was opened and

copied on June 6, 2023. (See id., Exhibits 51-52.)

67.     Officer Smith works in MCI's outside mailroom as designated by ODRC's policy 75-MAL-01(VI)(A)(2) (see Exhibit 5), as a Mail Clerk/Screener where he was the person responsible for processing the incoming mail on June 6, 2023 before it entered the facility (see Exhibits 6-10).

68.     MCI's records that Ms. Plank provided to Fikes pursuant to Ohio Public Records Act, R.C. 149.43, reveals that Officer Smith was present and/or scheduled to work on June 6, 2023 when the fifth piece of Fikes' legal mail was opened and copied outside of his presence. (See Appendix I, Exhibits 29, 31, 35, and 53-55.)

69.     Consequently, Fikes is seeking compensatory and punitive damages in the total amount of $5,000 (five thousand dollars) for the fifth piece of legal mail that was opened on June 6, 2023 outside of his presence in violation of his First Amendment rights.

## FIFTH CAUSE OF ACTION

70.     On June 28, 2023, Officer Smith opened and copied outside of Fikes' presence a sixth piece of legal mail addressed to him from the Ohio Court of Claims, case No. 2023-00314JD, that he received as regular mail on June 28, 2023 in blatant disregard of his request in March 2023 to MCI's mailroom and warden's office that his legal mail from a court or an attorney not be opened outside of his presence. (See Exhibits 1 and 2.)

71.     The sixth piece of legal mail opened by Officer Smith arrived to MCI in an envelope bearing the name and return-address of the Ohio Court of Claims, case number, and contained an "Entry Transferring Case to Administrative Docket." (See Appendix II, Exhibit 56.)

72.     The envelope of the legal mail containing the "Entry Transferring Case to Administrative Docket" also bore a date-stamp of June 28, 2023 indicating MCI's date of receipt and/or delivery to Fikes. (See id.)

73.     Subsequently, Fikes used the prison's paper kite procedure and Viapath to instruct MCI's mailroom personnel to mail out to Attorney Kozar the original legal mail that was opened and copied on June 28, 2023. (See id., Exhibits 57-58.)

74.     Officer Smith works in MCI's outside mailroom as designated by ODRC's policy 75-MAL-01(VI)(A)(2) (see Exhibit 5), as a Mail Clerk/Screener where he was the person responsible for processing the incoming mail on June 28, 2023 before it entered the facility (see Exhibits 6-10).

75.     MCI's records that Ms. Plank provided to Fikes pursuant to Ohio Public Records Act, R.C. 149.43, reveals that Officer Smith was present and/or scheduled to work on June 28, 2023 when the sixth piece of Fikes' legal mail was opened and copied outside of his presence. (See Exhibits 29, 31, 35; see also Appendix II, Exhibits 59-61.)

76.     Consequently, Fikes is seeking compensatory and punitive damages in the total amount of $5,000 (five thousand dollars) for the sixth piece of legal mail that was opened on June 28, 2023 outside of his presence in violation of his First Amendment rights.

## SIXTH CAUSE OF ACTION

77.     On August 10, 2023, Officer Smith opened and copied outside of Fikes' presence a seventh piece of legal mail addressed to him from the Ohio Court of Claims, case No. 2023-00314AD, that he received as regular mail on August 10, 2023 in blatant disregard of his request in March 2023 to MCI's mailroom and warden's office that his legal mail from a court or an attorney not be opened outside of his presence. (See Exhibits 1 and 2.)

78.     The seventh piece of legal mail opened by Officer Smith arrived to MCI in an envelope bearing the name and return-address of the Ohio Court of Claims, case number, and contained an

"Entry" of the court regarding a motion filed under Ohio Civil Rule 60(B). (See Appendix II, Exhibit 62.)

79.     The envelope of the legal mail containing the "Entry" also bore a date-stamp of August 10, 2023 indicating MCI's date of receipt and/or delivery to Fikes. (See id.)

80.     Subsequently, Fikes used the prison's paper kite procedure and Viapath to instruct MCI's mailroom personnel to mail out to Attorney Kozar the original legal mail that was opened and copied on August 10, 2023. (See id., Exhibits 63-64.)

81.     Officer Smith works in MCI's outside mailroom as designated by ODRC's policy 75-MAL-01(VI)(A)(2) (see Exhibit 5), as a Mail Clerk/Screener where he was the person responsible for processing the incoming mail on August 10, 2023 before it entered the facility (see Exhibits 6-10).

82.     MCI's records that Ms. Plank provided to Fikes pursuant to Ohio Public Records Act, R.C. 149.43, reveals that Officer Smith was present and/or scheduled to work on August 10, 2023 when the seventh piece of Fikes' legal mail was opened and copied outside of his presence. (See Exhibits 29, 31, 35; see also Appendix II, Exhibits 65-67.)

83.     Consequently, Fikes is seeking compensatory and punitive damages in the total amount of $5,000 (five thousand dollars) for the seventh piece of legal mail that was opened August 10, 2023 outside of his presence in violation of his First Amendment rights.

**SEVENTH CAUSE OF ACTION**

84.     On September 12, 2023, Officer Smith and/or Officer Wilhelm opened and copied outside of Fikes' presence an eighth piece of legal mail addressed to him from the Ohio Court of Claims, case No. 2023-00314AD, that he received as regular mail on August 10, 2023 in blatant

disregard of his request in March 2023 to MCI's mailroom and warden's office that his legal mail from a court or an attorney not be opened outside of his presence. (See Exhibits 1 and 2.)

85.     The eighth piece of legal mail opened by Officer Smith arrived to MCI in an envelope bearing the name and return-address of the Ohio Court of Claims, case number, and contained an "Entry" of the court regarding its ruling on a motion for reconsideration. (See Appendix II, Exhibit 68.)

86.     The envelope of the legal mail containing the "Entry" also bore a date-stamp of September 12, 2023 indicating MCI's date of receipt and/or delivery to Fikes. (See id.)

87.     Subsequently, Fikes used the prison's paper kite procedure and Viapath to instruct MCI's mailroom personnel to mail out to Attorney Kozar the original legal mail that was opened and copied on September 12, 2023. (See id., Exhibits 69-70.)

88.     Officer Smith and Officer Wilhelm works in MCI's outside mailroom as designated by ODRC's policy 75-MAL-01(VI)(A)(2) (see Exhibit 5), as a Mail Clerk/Screener where they were responsible for processing the incoming mail on September 12, 2023 before it entered the facility (see Exhibits 6-13, 24, and 30).

89.     MCI's records that Ms. Plank provided to Fikes pursuant to Ohio Public Records Act, R.C. 149.43, reveals that Officer Smith and Officer Wilhelm was present and/or scheduled to work on September 12, 2023 when the eighth piece of Fikes' legal mail was opened and copied outside of his presence. (See Exhibits 29, 31, 35; see also Appendix II, Exhibits 71-73.)

90.     Consequently, Fikes is seeking compensatory and punitive damages in the total amount of $5,000 (five thousand dollars) for the eighth piece of legal mail that was opened on September 12, 2023 outside of his presence in violation of his First Amendment rights.

**EIGHTH CAUSE OF ACTION**

91.     On September 15, 2023, Officer Smith and/or Officer Wilhelm opened and copied outside of Fikes' presence a ninth piece of legal mail addressed to him from the Ohio Court of Claims, case No. 2023-00314AD, that he received as regular mail on September 15, 2023 in blatant disregard of his request in March 2023 to MCI's mailroom and warden's office that his legal mail from a court or an attorney not be opened outside of his presence. (See Exhibits 1 and 2.)

92.     The ninth piece of legal mail opened by Officer Smith arrived to MCI in an envelope bearing the name and return-address of the Ohio Court of Claims, case number, and contained an "Entry" of the court ordering ODRC to file an investigation report. (See Appendix II, Exhibit 74.)

93.     The envelope of the legal mail containing the "Entry" also bore a date-stamp of September 15, 2023 indicating MCI's date of receipt and/or delivery to Fikes. (See id.)

94.     Subsequently, Fikes used the prison's paper kite procedure and Viapath to instruct MCI's mailroom personnel to mail out to Attorney Kozar the original legal mail that was opened and copied on September 15, 2023. (See id., Exhibits 75-76.)

95.     Officer Smith and Officer Wilhelm works in MCI's outside mailroom as designated by ODRC's policy 75-MAL-01(VI)(A)(2) (see Exhibit 5), as a Mail Clerk/Screener where they were responsible for processing the incoming mail on September 15, 2023 before it entered the facility (see Exhibits 6-13, 24, and 30).

96.     MCI's records that Ms. Plank provided to Fikes pursuant to Ohio Public Records Act, R.C. 149.43, reveals that Officer Smith and Officer Wilhelm was present and/or scheduled to work on September 15, 2023 when the ninth piece of Fikes' legal mail was opened and copied outside of his presence. (See Exhibits 29, 31, 35; see also Appendix II, Exhibits 73, and 77-78.)

97.     Consequently, Fikes is seeking compensatory and punitive damages in the total amount of $5,000 (five thousand dollars) for the ninth piece of legal mail that was opened on September 15, 2023 outside of his presence in violation of his First Amendment rights.

### NINTH CAUSE OF ACTION

98.     On October 3, 2023, Officer Wilhelm opened and copied outside of Fikes' presence a tenth piece of legal mail addressed to him from the Ohio Court of Claims, case No. 2023-00314AD, that he received as regular mail on October 3, 2023 in blatant disregard of his request in March 2023 to MCI's mailroom and warden's office that his legal mail from a court or an attorney not be opened outside of his presence. (See Exhibits 1 and 2.)

99.     The tenth piece of legal mail opened by Officer Wilhelm arrived to MCI in an envelope bearing the name and return-address of the Ohio Court of Claims, case number, and contained a "Notice of Filing Investigation Report," "Investigation Report," and "Instructions for Responding to an Investigation Report." (See Appendix II, Exhibit 79.)

100.    The envelope of the legal mail containing the "Notice of Filing Investigation Report," *inter alia*, also bore a date-stamp of October 3, 2023 indicating MCI's date of receipt and/or delivery to Fikes. (See id.)

101.    Subsequently, Fikes used the prison's paper kite procedure and Viapath to instruct MCI's mailroom personnel to mail out to Attorney Kozar the original legal mail that was opened and copied on October 3, 2023. (See id., Exhibits 80-81.)

102.    Officer Wilhelm works in MCI's outside mailroom as designated by ODRC's policy 75-MAL-01(VI)(A)(2) (see Exhibit 5), as a Mail Clerk/Screener where she was the person responsible for processing the incoming mail on October 3, 2023 before it entered the facility (see Exhibits 11-13, 24, and 30).

103.   MCI's records that Ms. Plank provided to Fikes pursuant to Ohio Public Records Act,

R.C. 149.43, reveals that Officer Wilhelm was present and/or scheduled to work on October 3,

2023 when the tenth piece of Fikes' legal mail was opened and copied outside of his presence.

(See Exhibits 29, 31, 35; see also Appendix II, Exhibits 73, and 82-83.)

104.   Consequently, Fikes is seeking compensatory and punitive damages in the total amount

of $5,000 (five thousand dollars) for the tenth piece of legal mail that was opened on October 3,

2023 outside of his presence in violation of his First Amendment rights.

### TENTH CAUSE OF ACTION

105.   On October 6, 2023, Officer Smith and/or Officer Wilhelm opened and copied outside of

Fikes' presence an eleventh piece of legal mail addressed to him from the Marion County Clerk

of Courts that he received as regular mail on October 6, 2023 in blatant disregard of his request

in March 2023 to MCI's mailroom and warden's office that his legal mail from a court or an

attorney not be opened outside of his presence. (See Exhibits 1 and 2.)

106.   The eleventh piece of legal mail opened by Officer Smith and/or Officer Wilhelm arrived

to MCI in an envelope bearing the name and return-address of the Marion County Clerk of

Courts, and contained a "Notice" that a "Writ of Mandamus ha[d] been filed with the Clerk of

Court of the Third District court of appeals on September 27, 2023," including a copy of the

petition itself. (See Appendix II, Exhibit 84.)

107.   The parcel of the legal mail containing the "Notice," *inter alia*, also bore a date-stamp of

October 6, 2023 indicating MCI's date of receipt and/or delivery to Fikes. (See id.)

108.   Subsequently, Fikes used the prison's paper kite procedure and Viapath to instruct MCI's

mailroom personnel to mail out to Attorney Kozar the original legal mail that was opened and

copied on October 6, 2023. (See id., Exhibits 85-86.)

109.    Officer Smith and Officer Wilhelm works in MCI's outside mailroom as designated by

ODRC's policy 75-MAL-01(VI)(A)(2) (see Exhibit 5), as a Mail Clerk/Screener where they

were responsible for processing the incoming mail on October 6, 2023 before it entered the

facility (see Exhibits 6-13, 24, and 30).

110.    MCI's records that Ms. Plank provided to Fikes pursuant to Ohio Public Records Act,

R.C. 149.43, reveals that Officer Smith and Officer Wilhelm was present and/or scheduled to

work on October 6, 2023 when the eleventh piece of Fikes' legal mail was opened and copied

outside of his presence. (See Exhibits 29, 31, 35; see also Appendix II, Exhibits 73, and 87-88.)

111.    Consequently, Fikes is seeking compensatory and punitive damages in the total amount

of $5,000 (five thousand dollars) for the eleventh piece of legal mail that was opened on October

6, 2023 outside of his presence in violation of his First Amendment rights.

## ELEVENTH CAUSE OF ACTION

112.    On October 12, 2023, Officer Smith and/or Officer Wilhelm opened and copied outside

of Fikes' presence a twelfth piece of legal mail addressed to him from the United States Court of

Appeals that he received as regular mail on October 12, 2023 in blatant disregard of his request

in March 2023 to MCI's mailroom and warden's office that his legal mail from a court or an

attorney not be opened outside of his presence. (See Exhibits 1 and 2.)

113.    The twelfth piece of legal mail opened by Officer Smith and/or Officer Wilhelm arrived

to MCI in an envelope bearing the name and return-address of the United States Court of

Appeals, the words "Official Business" and "Penalty for Private Use, $300," and contained a

letter filed October 5, 2023 regarding an "application under 28 U.S.C. § 2244 for permission to

file a second and successive habeas petition…." (See Appendix II, Exhibit 89.)

114.    The envelope of the legal mail containing the letter filed on October 5, 2023 also bore a date-stamp of October 12, 2023 indicating MCI's date of receipt and/or delivery to Fikes. (See id.)

115.    Subsequently, Fikes used the prison's paper kite procedure and JPay to instruct MCI's mailroom personnel to mail out to Attorney Kozar the original legal mail from the United States Court of Appeals that was opened and copied on October 12, 2023. (See id., Exhibits 90-91.)

116.    Officer Smith and/or Officer Wilhelm works in MCI's outside mailroom as designated by ODRC's policy 75-MAL-01(VI)(A)(2) (see Exhibit 5), as a Mail Clerk/Screener where they were responsible for processing the incoming mail on October 12, 2023 before it entered the facility (see Exhibits 6-13, 24, and 30).

117.    MCI's records that Ms. Plank provided to Fikes pursuant to Ohio Public Records Act, R.C. 149.43, reveals that Officer Smith and Officer Wilhelm was present and/or scheduled to work on October 12, 2023 when the twelfth piece of Fikes' legal mail was opened and copied outside of his presence. (See Exhibits 29, 31, 35, and 73; see also Appendix II, Exhibits 92-93.)

118.    Consequently, Fikes is seeking compensatory and punitive damages in the total amount of $5,000 (five thousand dollars) for the twelfth piece of legal mail that was opened on October 12, 2023 outside of his presence in violation of his First Amendment rights.


## TWELFTH CAUSE OF ACTION

119.    On November 2, 2023, Officer Smith and/or Officer Wilhelm opened and copied outside of Fikes' presence a thirteenth piece of legal mail addressed to him from the Ohio Court of Claims, case No. 2023-00314AD, that he received as regular mail on November 2, 2023 in blatant disregard of his request in March 2023 to MCI's mailroom and warden's office that his

legal mail from a court or an attorney not be opened outside of his presence. (See Exhibits 1 and 2.)

120.    The thirteenth piece of legal mail opened by Officer Smith and/or Officer Wilhelm arrived to MCI in an envelope bearing the name and return-address of the Ohio Court of Claims, case number, and contained a "Notice of Administrative Determination," "Memorandum Decision," and "Entry of Administrative Determination." (See Appendix II, Exhibit 94.)

121.    The envelope of the legal mail containing the "Notice of Administrative Determination," *inter alia*, also bore a date-stamp of November 2, 2023 indicating MCI's date of receipt and/or delivery to Fikes. (See id.)

122.    Subsequently, Fikes used the prison's paper kite procedure and Viapath to instruct MCI's mailroom personnel to mail out to Attorney Kozar the original legal mail from the Ohio Court of Claims that was opened and copied on November 2, 2023. (See id., Exhibits 95-96.)

123.    Officer Smith and Officer Wilhelm works in MCI's outside mailroom as designated by ODRC's policy 75-MAL-01(VI)(A)(2) (see Exhibit 5), as a Mail Clerk/Screener where they were responsible for processing the incoming mail on November 2, 2023 before it entered the facility (see Exhibits 6-13, 24, and 30).

124.    MCI's records that Ms. Plank provided to Fikes pursuant to Ohio Public Records Act, R.C. 149.43, reveals that Officer Smith and Officer Wilhelm was present and/or scheduled to work on November 2, 2023 when the thirteenth piece of Fikes' legal mail was opened and copied outside of his presence. (See Exhibits 30-31, and 35; see also Appendix II, Exhibits 97-99.)

125.    Consequently, Fikes is seeking compensatory and punitive damages in the total amount of $5,000 (five thousand dollars) for the thirteenth piece of legal mail that was opened on November 2, 2023 outside of his presence in violation of his First Amendment rights.

## THIRTEENTH CAUSE OF ACTION

126.    On November 20, 2023, Officer Wilhelm opened and copied outside of Fikes' presence a fourteenth piece of legal mail addressed to him from the United States Court of Appeals that he received as regular mail on November 20, 2023 in blatant disregard of his request in March 2023 to MCI's mailroom and warden's office that his legal mail from a court or an attorney not be opened outside of his presence. (See Exhibits 1 and 2.)

127.    The fourteenth piece of legal mail opened by Officer Wilhelm arrived to MCI in an envelope bearing the name and return address of the United States Court of Appeals, the words "Official Business" and "Penalty for Private Use, $300," and contained a letter filed November 14, 2023 granting "respondent's motion to extend time to file a response to the motion for authorization to file a second or successive habeas petition…." (See Appendix II, Exhibit 100.)

128.    The envelope of the legal mail containing the letter filed on November 14, 2023 also bore a date-stamp of November 20, 2023 indicating MCI's date of receipt and/or delivery to Fikes. (See id.)

129.    Subsequently, Fikes used the prison's paper kite procedure and Viapath to instruct MCI's mailroom personnel to mail out to Attorney Kozar the original legal mail from the United States Court of Appeals that was opened and copied on November 20, 2023. (See id., Exhibits 101-102.)

130.    Officer Wilhelm works in MCI's outside mailroom as designated by ODRC's policy 75-MAL-01(VI)(A)(2) (see Exhibit 5), as a Mail Clerk/Screener where she was the person responsible for processing the incoming mail on November 20, 2023 before it entered the facility (see Exhibits 11-13, 24, and 30).

131.    MCI's records that Ms. Plank provided to Fikes pursuant to Ohio Public Records Act, R.C. 149.43, reveals that Officer Wilhelm was present and/or scheduled to work on November 20, 2023 when the fourteenth piece of Fikes' legal mail was opened and copied outside of his presence. (See Exhibits 30-31, and 35; see also Appendix II, Exhibits 103-105.)

132.    Consequently, Fikes is seeking compensatory and punitive damages in the total amount of $5,000 (five thousand dollars) for the fourteenth piece of legal mail that was opened on November 20, 2023 outside of his presence in violation of his First Amendment rights.

## FOURTEENTH CAUSE OF ACTION

133.    On December 6, 2023, Officer Smith and/or Officer Wilhelm opened and copied outside of Fikes' presence a fifteenth piece of legal mail addressed to him from the Attorney Kozar that he received as regular mail on December 6, 2023 in blatant disregard of his request in March 2023 to MCI's mailroom and warden's office that his legal mail from a court or an attorney not be opened outside of his presence. (See Exhibits 1 and 2.)

134.    The fifteenth piece of legal mail opened by Officer Smith and/or Officer Wilhelm arrived to MCI in an envelope bearing the name and return-address of Attorney Kozar, the words "Attorney at Law," and contained a letter dated November 28, 2023 regarding the "recent mailers" of the original legal mail that had been opened and copied by Officer Smith and/or Officer Wilhelm. (See Appendix II, Exhibit 106.)

135.    The envelope of the legal mail containing the letter dated November 28, 2023 also bore a date-stamp of December 6, 2023 indicating MCI's date of receipt and/or delivery to Fikes. (See id.)

136.    Subsequently, Fikes used the prison's paper kite procedure and Viapath to instruct MCI's mailroom personnel to mail out to Attorney Kozar the original legal mail from Attorney Kozar that was opened and copied on December 6, 2023. (See id., Exhibits 107-108.)

137.    Officer Smith and Officer Wilhelm works in MCI's outside mailroom as designated by ODRC's policy 75-MAL-01(VI)(A)(2) (see Exhibit 5), as a Mail Clerk/Screener where they were responsible for processing the incoming mail on December 6, 2023 before it entered the facility (see Exhibits 6-13, 24, and 30).

138.    MCI's records that Ms. Plank provided to Fikes pursuant to Ohio Public Records Act, R.C. 149.43, reveals that Officer Smith and Officer Wilhelm was present and/or scheduled to work on December 6, 2023 when the fifteenth piece of Fikes' legal mail was opened and copied outside of his presence. (See Exhibits 30-31, and 35; see also Appendix II, Exhibits 109-110.)

139.    Consequently, Fikes is seeking compensatory and punitive damages in the total amount of $5,000 (five thousand dollars) for the fifteenth piece of legal mail that was opened on December 6, 2023 outside of his presence in violation of his First Amendment rights.

## FIFTEENTH CAUSE OF ACTION

140.    On December 13, 2023, Officer Smith and/or Officer Wilhelm opened and copied outside of Fikes' presence a sixteenth piece of legal mail addressed to him from the office of the Ohio Attorney General that he received as regular mail on December 13, 2023 in blatant disregard of his request in March 2023 to MCI's mailroom and warden's office that his legal mail from a court or an attorney not be opened outside of his presence. (See Exhibits 1 and 2.)

141.    The sixteenth piece of legal mail opened by Officer Smith and/or Officer Wilhelm arrived to MCI in an envelope bearing the name and return-address of the Ohio Attorney General, Dave Yost, Section Code #, and contained a letter dated December 7, 2023 from the

Consumer Protection Section regarding a public records request that included an attachment of over 200 documents. (See Appendix II, Exhibit 111.)

142.  The envelope of the legal mail containing the letter dated December 7, 2023 and attachments also bore a date-stamp of December 13, 2023 indicating MCI's date of receipt and/or delivery to Fikes. (See id.)

143.  Subsequently, Fikes used the prison's paper kite procedure and Viapath to instruct MCI's mailroom personnel to mail out to Attorney Kozar the original legal mail minus the attachments sent from the office of the Ohio Attorney General that was opened and copied on December 13, 2023. (See id., Exhibits 112-113.)

144.  Officer Smith and Officer Wilhelm works in MCI's outside mailroom as designated by ODRC's policy 75-MAL-01(VI)(A)(2) (see Exhibit 5), as a Mail Clerk/Screener where they were responsible for processing the incoming mail on December 13, 2023 before it entered the facility (see Exhibits 6-13, 24, and 30).

145.  MCI's records that Ms. Plank provided to Fikes pursuant to Ohio Public Records Act, R.C. 149.43, reveals that Officer Smith and Officer Wilhelm was present and/or scheduled to work on December 13, 2023 when the sixteenth piece of Fikes' legal mail was opened and copied outside of his presence. (See Exhibits 30-31, and 35; see also Appendix II, Exhibits 114-115; Appendix III, Exhibit 116.)

146.  Consequently, Fikes is seeking compensatory and punitive damages in the total amount of $5,000 (five thousand dollars) for the sixteenth piece of legal mail that was opened on December 13, 2023 outside of his presence in violation of his First Amendment rights.

**SIXTEENTH CAUSE OF ACTION**

147.   On December 20, 2023, Officer Wilhelm opened and copied outside of Fikes' presence a seventeenth piece of legal mail addressed to him from the Ohio Court of Claims, case No. 2023-00314AD, that he received as regular mail on December 20, 2023 in blatant disregard of his request in March 2023 to MCI's mailroom and warden's office that his legal mail from a court or an attorney not be opened outside of his presence. (See Exhibits 1 and 2.)

148.   The seventeenth piece of legal mail opened by Officer Wilhelm arrived to MCI in an envelope bearing the name and return-address of the Ohio Court of Claims, case number, and contained an "Order Confirming Administrative Determination." (See Appendix III, Exhibit 117.)

149.   The envelope of the legal mail containing the "Order Confirming Administrative Determination" also bore a date-stamp of December 20, 2023 indicating MCI's date of receipt and/or delivery to Fikes. (See id.)

150.   Subsequently, Fikes used the prison's paper kite procedure and Viapath to instruct MCI's mailroom personnel to mail out to Attorney Kozar the original legal mail from the Ohio Court of Claims that was opened and copied on December 20, 2023. (See id., Exhibit 118.)

151.   Fikes' request via the prison's paper kite procedure and Viapath instructing MCI's mailroom personnel to mail out to Attorney Kozar the original legal mail from the Ohio Court of Claims that was opened and copied on December 20th was never completed because MCI's mailroom personnel lost track of the legal mail that was allegedly "sent … back in for postage on 12/22/23" from the outside mailroom. (See id., Exhibits 119-120.)

152.   Officer Wilhelm works in MCI's outside mailroom as designated by ODRC's policy 75-MAL-01(VI)(A)(2) (see Exhibit 5), as a Mail Clerk/Screener where she was the person

responsible for processing the incoming mail on December 20, 2023 before it entered the facility
(see Exhibits 11-13, 24, and 30).

153.    MCI's records that Ms. Plank provided to Fikes pursuant to Ohio Public Records Act,
R.C. 149.43, reveals that Officer Wilhelm was present and/or scheduled to work on December
20, 2023 when the seventeenth piece of Fikes' legal mail was opened and copied outside of his
presence. (See Exhibits 31-32, and 35; see also Appendix III, Exhibits 121-122.)

154.    Consequently, Fikes is seeking compensatory and punitive damages in the total amount
of $5,000 (five thousand dollars) for the seventeenth piece of legal mail that was opened on
December 20, 2023 outside of his presence in violation of his First Amendment rights.

### SEVENTEENTH CAUSE OF ACTION

155.    On December 27, 2023, Officer Smith and/or Officer Wilhelm opened and copied outside
of Fikes' presence an eighteenth piece of legal mail addressed to him from the Legal Division,
Marion County Courthouse, that he received as regular mail on December 27, 2023 in blatant
disregard of his request in March 2023 to MCI's mailroom and warden's office that his legal
mail from a court or an attorney not be opened outside of his presence. (See Exhibits 1 and 2.)

156.    The eighteenth piece of legal mail opened by Officer Smith and/or Officer Wilhelm
arrived to MCI in an envelope bearing the name and return-address of the Legal Division,
Marion County Courthouse, and contained a "Judgment Entry" regarding a "'notice of voluntary
dismissal'" and court costs, including a billing issued for court costs. (See Appendix III, Exhibit
123.)

157.    The envelope of the legal mail containing the "Judgment Entry," *inter alia*, also bore a
date-stamp of December 27, 2023 indicating MCI's date of receipt and/or delivery to Fikes. (See
id.)

158.    Subsequently, Fikes used the prison's paper kite procedure and Viapath to instruct MCI's mailroom personnel to mail out to Attorney Kozar the original legal mail from the Legal Division, Marion County Courthouse, that was opened and copied on December 27, 2023. (See id, Exhibits 124-125.)

159.    Officer Smith and Officer Wilhelm works in MCI's outside mailroom as designated by ODRC's policy 75-MAL-01(VI)(A)(2) (see Exhibit 5), as a Mail Clerk/Screener where they were responsible for processing the incoming mail on December 27, 2023 before it entered the facility (see Exhibits 6-13, 24, and 30).

160.    MCI's records that Ms. Plank provided to Fikes pursuant to Ohio Public Records Act, R.C. 149.43, reveals that Officer Smith and Officer Wilhelm was present and/or scheduled to work on December 27, 2023 when the eighteenth piece of Fikes' legal mail was opened and copied outside of his presence. (See Exhibits 32 and 35; see also Appendix III, Exhibits 126-128.)

161.    Consequently, Fikes is seeking compensatory and punitive damages in the total amount of $5,000 (five thousand dollars) for the eighteenth piece of legal mail that was opened on December 27, 2023 outside of his presence in violation of his First Amendment rights.

### EIGHTEENTH CAUSE OF ACTION

162.    On December 28, 2023, Officer Smith and/or Officer Wilhelm opened and copied outside of Fikes' presence a nineteenth piece of legal mail addressed to him from the Ohio Court of Claims, case No. 2023-00314AD, that he received as regular mail on December 28, 2023 in blatant disregard of his request in March 2023 to MCI's mailroom and warden's office that his legal mail from a court or an attorney not be opened outside of his presence. (See Exhibits 1 and 2.)

163.    The nineteenth piece of legal mail opened by Officer Smith and/or Officer Wilhelm arrived to MCI in an envelope bearing the name and return-address of the Ohio Court of Claims, case number, and contained a "Cost Bill for Case Number 2023-00314AD." (See Appendix III, Exhibit 129.)

164.    The envelope of the legal mail containing the "Cost Bill for Case Number 2023-00314AD" also bore a date-stamp of December 28, 2023 indicating MCI's date of receipt and/or delivery to Fikes. (See id.)

165.    Subsequently, Fikes used the prison's paper kite procedure and Viapath to instruct MCI's mailroom personnel to mail out to Attorney Kozar the original legal mail from the Ohio Court of Claims that was opened and copied on December 28, 2023. (See id., Exhibits 130-131.)

166.    Officer Smith and Officer Wilhelm works in MCI's outside mailroom as designated by ODRC's policy 75-MAL-01(VI)(A)(2) (see Exhibit 5), as a Mail Clerk/Screener where they were responsible for processing the incoming mail on December 28, 2023 before it entered the facility (see Exhibits 6-13, 24, and 30).

167.    MCI's records that Ms. Plank provided to Fikes pursuant to Ohio Public Records Act, R.C. 149.43, reveals that Officer Smith and Officer Wilhelm was present and/or scheduled to work on December 28, 2023 when the nineteenth piece of Fikes' legal mail was opened and copied outside of his presence. (See Exhibits 33 and 35; see also Appendix III, Exhibits132-133.)

168.    Consequently, Fikes is seeking compensatory and punitive damages in the total amount of $5,000 (five thousand dollars) for the nineteenth piece of legal mail that was opened on December 28, 2023 outside of his presence in violation of his First Amendment rights.

**NINETEENTH CAUSE OF ACTION**

169.    On January 3, 2024, Officer Smith and/or Officer Wilhelm opened and copied outside of Fikes' presence a twentieth piece of legal mail addressed to him from the Marion County Court of Appeals, case No. 09-23-081, that he received as regular mail on January 3, 2024 in blatant disregard of his request in March 2023 to MCI's mailroom and warden's office that his legal mail from a court or an attorney not be opened outside of his presence. (See Exhibits 1 and 2.)

170.    The twentieth piece of legal mail opened by Officer Smith and/or Officer Wilhelm arrived to MCI in an envelope bearing the name and return-address of the Marion County Court of Appeals, and contained a "Summons on Writ of Mandamus," "Petition for Writ of Mandamus," "Affidavit of Verity," "Affidavit of Prior Actions," and "Affidavit of Waiver of Prepayment of Filing Fees." (See Appendix III, Exhibit 134.)

171.    The parcel of the legal mail containing the "Summons on Writ of Mandamus," *inter alia*, also bore a date-stamp of January 3, 2023 indicating MCI's date of receipt and/or delivery to Fikes. (See id.)

172.    The copy of the parcel of legal mail provided to Fikes reveals that Officer Smith and/or Officer Wilhelm removed the bar code sticker of the United States Postal Service from the bottom of the parcel to the top upper left hand corner and obscured part of the return address disclosing that the legal mail was sent from the Court of Appeals, which is not a genuine marking of the United States Postal Service. (See id.; see also Appendix III, Exhibit 136.)

173.    Subsequently, Fikes used the prison's paper kite procedure and Viapath to instruct MCI's mailroom personnel to mail out to Attorney Kozar the original legal mail from the Marion County Court of Appeals that was opened and copied on January 3, 2024. (See Appendix III, Exhibits 135-136.)

174.    Officer Smith and/or Officer Wilhelm works in MCI's outside mailroom as designated by ODRC's policy 75-MAL-01(VI)(A)(2) (see Exhibit 5), as a Mail Clerk/Screener where they were responsible for processing the incoming mail on January 3, 2024 before it entered the facility (see Exhibits 6-13, 24, and 30).

175.    MCI's records that Ms. Plank provided to Fikes pursuant to Ohio Public Records Act, R.C. 149.43 reveals that Officer Smith and Officer Wilhelm was present and/or scheduled to work on January 3, 2024 when the twentieth piece of Fikes' legal mail was opened and copied outside of his presence. (See Exhibits 33 and 35; see also Appendix III, Exhibits 137-138.).

176.    Consequently, Fikes is seeking compensatory and punitive damages in the total amount of $5,000 (five thousand dollars) for the twentieth piece of legal mail that was opened on January 3, 2024 outside of his presence in violation of his First Amendment rights.

### TWENTIETH CAUSE OF ACTION

177.    On January 17, 2024, Officer Smith and/or Officer Wilhelm opened and copied outside of Fikes' presence a twenty-first piece of legal mail addressed to him from the Ohio Court of Claims, case No. 2023-00314AD, that he received as regular mail on January 17, 2024 in blatant disregard of his request in March 2023 to MCI's mailroom and warden's office that his legal mail from a court or an attorney not be opened outside of his presence. (See Exhibits 1 and 2.)

178.    The twenty-first piece of legal mail opened by Officer Smith and/or Officer Wilhelm arrived to MCI in an envelope bearing the name and return-address of the Ohio Court of Claims, case number, and contained an "Entry" of the court regarding a motion to waive court costs. (See Appendix III, Exhibit 139.)

179.    The envelope of the legal mail containing the "Entry" also bore a date-stamp of January 17, 2024 indicating MCI's date of receipt and/or delivery to Fikes. (See id.)

180.     Subsequently, Fikes used the prison's paper kite procedure and Viapath to instruct MCI's mailroom personnel to mail out to Attorney Kozar the original legal mail that was opened and copied on January 17, 2024. (See id., Exhibits 140-141.)

181.     Officer Smith and Officer Wilhelm works in MCI's outside mailroom as designated by ODRC's policy 75-MAL-01(VI)(A)(2) (see Exhibit 5), as a Mail Clerk/Screener where they were responsible for processing the incoming mail on January 17, 2024 before it entered the facility (see Exhibits 6-13, 24, and 30).

182.     MCI's records that Ms. Plank provided to Fikes pursuant to Ohio Public Records Act, R.C. 149.43 reveals that Officer Smith and Officer Wilhelm was present and/or scheduled to work on January 17, 2024 when the twenty-first piece of Fikes' legal mail was opened and copied outside of his presence. (See Exhibits 33 and 35; see also Appendix III, Exhibits142-144.)

183.     Consequently, Fikes is seeking compensatory and punitive damages in the total amount of $5,000 (five thousand dollars) for the twenty-first piece of legal mail that was opened on January 17, 2024 outside of his presence in violation of his First Amendment rights.

**TWENTY-FIRST CAUSE OF ACTION**

184.     On January 24, 2024, Officer Smith and/or Officer Wilhelm opened and copied outside of Fikes' presence a twenty-second piece of legal mail addressed to him from the Ohio Court of Claims, case No. 2023-00314AD, that he received as regular mail on January 24, 2024 in blatant disregard of his request in March 2023 to MCI's mailroom and warden's office that his legal mail from a court or an attorney not be opened outside of his presence. (See Exhibits 1 and 2.)

185.     The twenty-second piece of legal mail opened by Officer Smith and/or Officer Wilhelm arrived to MCI in an envelope bearing the name and return-address of the Ohio Court of Claims,

case number, and contained an "Entry" of the court regarding a motion for relief filed under Ohio Civil Rule 60(B). (See Appendix III, Exhibit 145.)

186. The envelope of the legal mail containing the "Entry" also bore a date-stamp of January 24, 2024 indicating MCI's date of receipt and/or delivery to Fikes. (See id.)

187. Subsequently, Fikes used the prison's paper kite procedure and Viapath to instruct MCI's mailroom personnel to mail out to Attorney Kozar the original legal mail that was opened and copied on January 24, 2024. (See id., Exhibits 146-147.)

188. Officer Smith and Officer Wilhelm works in MCI's outside mailroom as designated by ODRC's policy 75-MAL-01(VI)(A)(2) (see Exhibit 5), as a Mail Clerk/Screener where they were responsible for processing the incoming mail on January 24, 2024 before it entered the facility (see Exhibits 6-14, 24 and 30).

189. MCI's records that Ms. Plank provided to Fikes pursuant to Ohio Public Records Act, R.C. 149.43 reveals that Officer Smith and Officer Wilhelm was present and/or scheduled to work on January 24, 2024 when the third piece of Fikes' legal mail was opened and copied outside of his presence. (See Exhibits 33 and 35; see also Appendix III, Exhibits 144, and 148-149.)

190. Consequently, Fikes is seeking compensatory and punitive damages in the total amount of $5,000 (five thousand dollars) for the twenty-second piece of legal mail that was opened on January 24, 2024 outside of his presence in violation of his First Amendment rights.

## TWENTY-SECOND CAUSE OF ACTION

191. On February 12, 2024, Officer Smith and/or Officer Wilhelm opened and copied outside of Fikes' presence a twenty-third piece of legal mail addressed to him from the Ohio Court of Claims, case No. 2023-00314AD, that he received as regular mail on February 12, 2024 in

blatant disregard of his request in March 2023 to MCI's mailroom and the warden's officer that his legal mail from a court or an attorney not be opened outside of his presence. (See Exhibits 1 and 2.)

192.    The twenty-third piece of legal mail opened by Officer Smith and/or Officer Wilhelm arrived to MCI in an envelope bearing the name and return-address of the Ohio Court of Claims, case number, and contained a "Notice of Appeal" and "Affidavit of Indigency." (See Appendix III, Exhibit 150.)

193.    The envelope of the legal mail containing the "Notice of Appeal" and "Affidavit of Indigency" also bore a date-stamp of February 12, 2024 indicating MCI's date of receipt and/or delivery to Fikes.

194.    Subsequently, Fikes used the prison's paper kite procedure and Viapath to instruct MCI's mailroom personnel to mail out to Attorney Ronald J. Kozar the original legal mail that was opened and copied on February 12, 2024. (See id, Exhibits 151-152.)

195.    Officer Smith and Officer Wilhelm works in MCI's outside mailroom as designated by ODRC's policy 75-MAL-01(VI)(A)(2) (see Exhibit 5), as a Mail Clerk/Screener where they were responsible for processing the incoming mail on February 12, 2024 before it entered the facility (see Exhibits 6-13, 24, and 30).

196.    Officer Smith and Officer Wilhelm was present and/or scheduled to work on February 12, 2024 when the twenty-third piece of Fikes' legal mail was opened and copied outside of his presence.

197.    Consequently, Fikes is seeking compensatory and punitive damages in the total amount of $5,000 (five thousand dollars) for the twenty-third piece of legal mail that was opened on February 12, 2024 outside of his presence in violation of his First Amendment rights.

## TWENTY-THIRD CAUSE OF ACTION

198.     On February 13, 2023, Officer Smith and/or Officer Wilhelm opened and copied outside

of Fikes' presence a twenty-fourth piece of legal mail addressed to him from the Ohio Court of

Claims, case No. 2023-00314AD, that he received as regular mail on February 13, 2024 in

blatant disregard of his request in March 2023 to MCI's mailroom and warden's office that his

legal mail from a court or an attorney not be opened outside of his presence. (See Exhibits 1 and

2.)

199.     The twenty-fourth piece of legal mail opened by Officer Smith and/or Officer Wilhelm

arrived to MCI in an envelope bearing the name and return-address of the Ohio Court of Claims,

case number, and contained an "Order Waiving Filing Fee." (See Appendix III, Exhibit 153.)

200.     The envelope of the legal mail containing the "Order Waiving Filing Fee" also bore a

date-stamp of February 13, 2024 indicating MCI's date of receipt and/or delivery to Fikes. (See

id.)

201.     Subsequently, Fikes used the prison's paper kite procedure and Viapath to instruct MCI's

mailroom personnel to mail out to Attorney Kozar the original legal mail that was opened and

copied on February 13, 2024. (See id., Exhibits 154-155.)

202.     Officer Smith and Officer Wilhelm works in MCI's outside mailroom as designated by

ODRC's policy 75-MAL-01(VI)(A)(2) (see Exhibit 5), as a Mail Clerk/Screener where they

were responsible for processing the incoming mail on February 13, 2024 before it entered the

facility (see Exhibits 6-13, 24, and 30).

203.     Officer Smith and Officer Wilhelm was present and/or scheduled to work on February

13, 2024 when the twenty-fourth piece of Fikes' legal mail was opened and copied outside of his

presence.

204.   Consequently, Fikes is seeking compensatory and punitive damages in the total amount of $5,000 (five thousand dollars) for the twenty-fourth piece of legal mail that was opened on February 13, 2024 outside of his presence in violation of his First Amendment rights.

## TWENTY-FOURTH CAUSE OF ACTION

205.   On February 20, 2024, Officer Smith and/or Officer Wilhelm opened and copied outside of Fikes' presence a twenty-fifth piece of legal mail addressed to him from the Franklin County Clerk of the Tenth District Court of Appeals that he received as regular mail on February 20, 2024 in blatant disregard of his request in March 2023 to MCI's mailroom and warden's officer that his legal mail from a court or an attorney not be opened outside of his presence. (See Exhibits 1 and 2.)

206.   The twenty-fifth piece of legal mail opened by Officer Smith and/or Officer Wilhelm arrived to MCI in an envelope bearing the name and return-address of the Tenth District Court of Appeals Division, and contained a "Notice of Appeal," including an "Affidavit of Indigency." (See Appendix III, Exhibit 156.)

207.   The envelope of the legal mail containing the "Notice of Appeal" and "Affidavit of Indigency" also bore a date-stamp of February 20, 2024 indicating MCI's date of receipt and/or delivery to Fikes. (See id.)

208.   Subsequently, Fikes used the prison's paper kite procedure and Viapath to instruct MCI's mailroom personnel to mail out to Attorney Kozar the original legal mail that was opened and copied on February 20, 2024.

209.   Officer Smith and Officer Wilhelm works in MCI's outside mailroom as designated by ODRC's policy 75-MAL-01(VI)(A)(2) (see Exhibit 5), as a Mail Clerk/Screener where they

were responsible for processing the incoming mail on February 20, 2024 before it entered the inside facility (see Exhibits 6-13, 24 and 30).

210.    Officer Smith and Officer Wilhelm was present and/or scheduled to work on February 20, 2024 when the twenty-fifth piece of Fikes' legal mail was opened and copied outside of his presence.

211.    Consequently, Fikes is seeking compensatory and punitive damages in the total amount of $5,000 (five thousand dollars) for the twenty-fifth piece of legal mail that was opened on February 20, 2024 outside of his presence in violation of his First Amendment rights.

### TWENTY-FIFTH CAUSE OF ACTION

212.    As MCI's mailroom supervisor, Lt. Baker implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of his subordinates, Officer Smith and Officer Wilhelm, who opened and copied multiple pieces of Fikes' legal mail outside of his presence in blatant disregard of his request in March 2023 to MCI's mailroom and warden's office that his legal mail from a court or an attorney not be opened outside of his presence. (See Exhibits 1 and 2.)

213.    There is a causal connection between Lt. Baker's acts and omissions and the constitutional injuries Fikes sustained from the multiple pieces of his legal mail being opened and copied outside of his presence.

214.    On May 4, 2023, when Fikes requested "to know the name of the correctional officer working in the mailroom who opened legal mail outside of [his] presence[,]" Lt. Baker responded on May 10, 2023 stating:

> Legal mail has to have a control number located on it. If there is no control number, then your mail will be processed as regular mail. I will look into this and if in fact there is a control number then I will have [you] to come sign for it.

> Otherwise, if no such number exists then your mail will be copied and treated as regular mail.

(See Exhibit 20.)

215.    On May 11, 2023, Lt. Baker called Fikes to his office (see Exhibit 21) and asked Fikes, "What makes your legal mail so special and different from everyone else's?"

216.    When Fikes told Lt. Baker that he has a First Amendment right pursuant to *Sallier v. Brooks*, did not want his legal mail opened and read outside of his presence, and that his legal mail from the Ohio Court of Claims involves a civil complaint filed against Officer Smith for losing Fikes' legal mail on a prior occasion, Lt. Baker responded, stating that nothing can stop him from reading Fikes' legal mail even after its opened in his presence and ultimately mentioned that "we are following the policy." (See, e.g., Exhibit 4.)

217.    On October 24, 2023, Fikes was called to Lt. Baker's office a second time and asked by Lt. Baker whether or not he had a lawsuit pending about legal mail, which prompted Fikes to reply "no" and reiterate his First Amendment right based on his March 2023 request to the warden's office and that his legal mail could easily be opened in his presence, copied, and given to him with the original being destroyed through a shredder. (See Exhibit 22-23.)

218.    In response to Fikes' answer and statements made on October 24, 2023, Lt. Baker stated, "You expect me to open every inmate's legal mail in their presence because they make a request to the warden's office?" When Fikes replied "not every inmate's legal mail, just mines," Lt. Baker told Fikes "goodbye" and dismissed Fikes from his office. (See id., Exhibit 23 (asserting Lt. Baker gave an inappropriate response).)

219.    On November 24, 2023, while present in Lt. Baker's office to obtain a copy of an electronic kite disclosing the November 17, 2023 conversation between Officer Wilhelm and Fikes (see Exhibits 24-25), Lt. Baker told Fikes that he knew and understood what Fikes was

doing by keeping a record, that he told his staff that as long as they follow ODRC policy they have nothing to worry about, lawsuits are a part of the job, and that he is curious to see how Fikes' lawsuit will turnout.

220.    Lt. Baker refused to permit Fikes to have his legal mail opened in his presence based on his March 2023 request, while having actual knowledge that the legal mail from the Ohio Court of Claims being opened by Officer Smith or Officer Wilhelm involved a lawsuit filed against Officer Smith for losing Fikes' legal mail on a prior occasion. (See, e.g., Exhibit 4 (Lt. Baker acknowledging discussion).)

221.    Lt. Baker refused to permit Fikes to have his legal mail opened in his presence based on his March 2023 request, while having actual knowledge that Officer Smith received a "Notice of Written Reprimand" in February 2023 for mishandling over 60 pieces of legal mail that was discovered and reported by Officer Coleman in December 2022 (see Exhibit 28).

222.    Lt. Baker condoned and/or encouraged the unconstitutional opening of Fikes' legal mail when he conducted an "Annual Review Manager Evaluation" of Officer Smith regarding a period from April 1, 2022 to March 31, 2023 and gave him an exemplary commentary (see Exhibit 10), while having actual knowledge that Officer Smith received a "Notice of Written Reprimand" in February 2023 for mishandling over 60 pieces of incoming legal mail that was discovered in the outside mailroom and reported by Officer Coleman in December 2022, including "thr[owing] mail in the trash after [he] w[as] directed by a supervisor to return it to the post office" on a separate occasion in December 2022 (see Exhibit 28).

223.    Lt. Baker's various verbal statements and/or acts or omissions in response to Fikes' First Amendment right based on his March 2023 request not to have his legal mail opened outside of his presence can be construed as Lt. Baker implicitly authorizing, approving, or knowingly

acquiescing in the unconstitutional conduct of his subordinates who opened and copied multiple pieces of Fikes' legal mail outside of his presence.

224.    Consequently, for the First Amendment violations set forth and the compensatory and punitive damages sought in each of the preceding causes of action, Fikes is seeking to hold Lt. Baker personally liable as MCI's mailroom supervisor who implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of his subordinates who opened and copied multiple pieces of Fikes' legal mail outside of his presence.

**CONCLUSION**

225.    "The First Amendment protects prisoners' rights to receive mail." *Rowser v. Ohio*, 2013 U.S. App. Lexis 26186, *9 (6th Cir. 2013).

226.    "Prisoners also have the right to have legal mail opened in their presence, if they so request." *Id.* at *10.

227.    "In order to guard against the possibility of a chilling effect on a prisoner's exercise of his … First Amendment rights and to protect the right of access to the courts,… mail from a court constitutes 'legal mail' and cannot be opened outside the presence of a prisoner who has specifically requested otherwise." *Sallier*, 343 F.3d at 877.

228.    Fikes' "interest in unimpaired, confidential communication with an attorney is an integral component of the judicial process and, therefore, that as a matter of law, mail from an attorney implicates a prisoner's protected legal mail rights." *Id.*

229.    "There is no penological interest or security concern that justifies opening [legal] mail outside of the prisoner's presence when the prisoner has specifically requested otherwise." *Id.* at 877-878.

230.    **WHEREFORE**, Fikes demands a judgment against Officer Smith, Officer Wilhelm, and

Lt. Baker, individually or collectively, for compensatory and punitive damages in the total

amount of $5,000 (five thousand dollars) for each of the twenty-five pieces of legal mail opened

outside of his presence in violation of his First Amendment rights, which is an award of

$125,000 (one hundred twenty-five thousand dollars).


Date signed: 2-23-24

Joshua Fikes