IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Joshua Fikes,   Case No. 3:24-cv-00405

      Plaintiff,

    v.

Dustin Smith, *et al.*,   **ORDER**

      Defendants.

Pending are Defendants' motion to stay proceedings (Doc. 24) and motion to vacate the award granting the Plaintiff *in forma pauperis* ("IFP") status. (Doc. 17). Plaintiff opposed the motion to vacate. (Doc. 21).

In their motion, the Defendants argued that Plaintiff was not forthright in his IFP application because he failed to disclose substantial funds over which he had control. (Doc. 17, PgID. 752).

Defendants, per my Order dated July 29, 2024, obtained and filed a duly executed statement of the Plaintiff's commissary account covering the period from three (3) months prior to the date of the IFP Application through the date of such application. (*See* Doc. 20 (Notice of Compliance); *and see* Minute Order Dated July 29, 2024).

That account statement demonstrated that, at the time Plaintiff filed his affidavit in support of his request for IFP status, he had, or reasonably could expect shortly to have, well more than the requisite funds with which to pay the filing fee. (Doc. 20, PgID. 841). Specifically, the statement demonstrated that, in addition to the $120 of state pay he received for the preceding six-month period ($20 per month for six months), he also received additional funds beyond state pay, totaling over $750. (*Id.*).

In Plaintiff's IFP application, he disclosed the $20 per month and nothing else. (Doc. 2, PgID. 494).

Plaintiff filed a response to my order that he show cause why the case should not be dismissed. (Doc. 22). In it, he argued that he was truthful in his IFP application because he checked the box "Yes" where it indicated he had received money from other sources. (Doc. 22, PgID. 859 (citing Doc. 2, PgID. 494)). The IFP form required that Plaintiff provide the Court with the total amount of his additional funds. He did not do so.

Instead, he wrote "N/A" rather than disclosing the approximately $750 he held in additional funds. (Doc. 2, PgID. 494). He now argues that he wrote "N/A," intending it to mean "not available" because he did not have those account records and did not want to risk the penalty of perjury for submitting an inaccurate IFP application. (Doc. 22, PgID. 859).

He argues that "N/A" is defined as "Not Available" in the Black's Law Dictionary, 2004 edition. Yet, Plaintiff does not acknowledge its common meaning-- "Not Applicable"-- which is the main definition listed for "N/A" in Black's Law Dictionary. *N.A.*, BLACK'S LAW DICTIONARY (12th ed. 2024). Plaintiff's come-lately argument regarding his intention on writing "N/A" is unavailing.

Under 28 U.S.C. § 1915(a)-(b), Plaintiff must demonstrate that he or she meets the indigency requirements therein. The Plaintiff failed to meet his obligation to demonstrate the amounts he actually had, or was expected to have. Rather, he filled out his application with misleading statements and omissions.

I have extended the Plaintiff two opportunities to persuade me that he did not act in bad faith— both in his response to Defendants' motion to vacate (Doc. 21) and in his show cause response (Doc. 22). Neither is persuasive.

Under these circumstances, I believe that dismissal of the pending complaint with prejudice is an entirely appropriate remedy and response.

28 U.S.C. § 1915(e)(2)(a) states: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that— the allegation of poverty is untrue[.]"

The situation before me presents such a circumstance where dismissal is appropriate.

No Court should tolerate false statements on the part of any litigant; and indeed, I do not. Making false statements is a criminal act under 18 U.S.C. § 1001.

I will note, however, that the allegations that the Plaintiff makes in his complaint about prison staff's illegal opening of a prisoner's legal mail, if true, are serious.

I therefore request that the Office of the Attorney General undertake a review into such allegations, as it deems may be appropriate. If the Attorney General finds that such opening of legal mail has occurred, or that guidance or correction is needed, I expect that that Office will take the appropriate steps to ensure that neither questions nor misconduct in that regard arise further.

Simply put: when doubts arise, as I know they can, about the legitimacy of matters denominated as legal mail, the authorities should take steps to the extent feasible before opening such mail to ensure that the contents are or are not legal in nature.

For now, it is sufficient in this case that I make such request -- which is all that this is; it is not an order-- in the interests of avoiding further problems relative to the proper handling of legal mail in the future.

Under Federal Rule of Appellate Procedure 24(a)(3), I find, for the reasons that I have explained, that the Plaintiff is not entitled to proceed in forma pauperis on appeal.

**Conclusion**

It is, therefore, ORDERED THAT:

1. Defendants' motion to vacate (Doc. 17) be, and the same hereby is, granted;

2. The Plaintiff's complaint, for good cause shown, be, and hereby is, dismissed with prejudice;

3. The foregoing is without prejudice to the Plaintiff's right in the future, where sufficient cause appears to exist, to file, upon prepayment of the requisite filing fee, a complaint relating to such future conduct, should it arise;

4. Defendants' motion for a stay (Doc. 24) be, and the same hereby is, denied as moot;

5. Plaintiff's motion for leave to amend (Doc.18) be, and the same hereby is, denied as moot; and

6. Plaintiff's motion for leave to supplement (Doc. 23) be, and the same hereby is, denied as moot.

SO ORDERED.
DATE: 10/18/2024

*/s/James G. Carr*
Sr. U.S. District Judge