IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Joshua Fikes,  Case No. 3:24-cv-00405

    Plaintiff,

  v.

Dustin Smith, *et al.*,  **ORDER**

    Defendants.

Pending is Plaintiff, Joshua Fikes' Motion to Alter or Amend the Judgment (Doc. 29), following my Order dismissing Plaintiff's case. On October 18, 2024, I dismissed Plaintiff's case after finding that he submitted false and/or misleading information in his application to proceed *In Forma Pauperis* ("IFP"). *See Fikes v. Smith*, No. 24-cv-00405, 2024 WL 4529281 (N.D. Ohio, Oct. 18, 2024) (Carr, J.) ("*Fikes I*"); (Doc. 25). Before dismissing the case, I gave Plaintiff several opportunities to show cause why I should not dismiss his case. (*See* Docs. 21, 22). I was not persuaded by Plaintiff's responses and I dismissed the case. *See Fikes I.*

Now, Plaintiff seeks to have me alter or amend the judgment to reinstate his case. (Doc. 29).

A district court should alter or amend a judgment under Federal Rule of Civil Procedure 59 upon a finding of: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Mich. Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) (citation omitted). And "[a] motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Plaintiff makes four arguments why I should alter or amend the judgment. I am not persuaded by any of Plaintiff's arguments.

First, he argues that I should follow a 1986 case from the Eleventh Circuit, *Camp v. Oliver*, 798 F.2d 434 (11th Cir. 1986).

Plaintiff cites to a footnote in *Camp* that states, in relevant part: "Not every inaccuracy in an affidavit of poverty, no matter how minimal, should be construed as a false allegation of poverty so as to cause loss of *in forma pauperis* eligibility and dismissal of the complaint." *Id*. at 438 n.5.

Indeed, I do not quibble with the principle espoused in the *Camp* footnote; but I cannot apply that principle to the facts of this case. Plaintiff's misrepresentation in his affidavit in this case was not "minimal," as the Eleventh Circuit found the plaintiff's misrepresentation was in *Camp*. In in my Order dismissing his complaint, *see Fikes I*, thoroughly explained my reasons why Plaintiff's misrepresentation was more than "minimal." *See Fikes I*, *supra*, No. 24-cv-00405, 2024 WL 4529281.

Moreover, I am not bound by out-of-circuit case law. *See, e.g., In re Vista-Pro Automotive, LLC*, 109 F. 4th 438, 444 (6th Cir. 2024). I reject Plaintiff's first argument.

Plaintiff's second argument cites the Second Circuit's holding in *Vann v. Comm'r of the New York Dep't of Corr.*, 496 F. App'x 113 (2nd Cir. 2012). Again, I am not bound by circuit law other than that of the Sixth Circuit.

Even so, the result in *Vann* supports the opposite position that Plaintiff urges me to take here. In *Vann*, the Second Circuit upheld the district court's dismissal of the plaintiff's complaint with prejudice as a sanction for his deliberate untruthfulness in his IFP application. *Id*. I thus reject Plaintiff's second argument.

Plaintiff's third argument points to his response to my Show Cause Order. Plaintiff fails to argue that I made a clear error of law, that there is newly discovered evidence, an intervening

change in controlling law, or the need to prevent manifest injustice, however, as he is required to do under Rule 59. *See Mich. Flyer LLC*, *supra*, 860 F.3d at 431. I reject Plaintiff's third argument.

I reject Plaintiff's fourth and final argument, where he contends that I should follow the Seventh Circuit case *Robertson v. French*, 949 F.3d 347 (7th Cir. 2020). Again, I am not bound by out-of-circuit law.

Regardless, *Robertson* presented a very different question from here; namely, whether a prisoner had an obligation to disclose the expectation of future income in an IFP application. *Id.* at 349. No such facts are present here. I reject this argument.

Under Federal Rule of Appellate Procedure 24(a)(3), I find, for the reasons explained in my earlier Order dismissing Plaintiff's complaint, that the Plaintiff is not entitled to proceed IFP on appeal.

Lastly, on November 18, 2024, Plaintiff filed a motion for supplemental pleading (Doc. 30), which I deny as moot.[1]

## Conclusion

It is, therefore, ORDERED THAT:

1. Plaintiff's motion to alter or amend the judgment (Doc. 29) be, and the same hereby is, denied; and

2. Plaintiff's motion for supplemental pleading (Doc. 30) be, and the same hereby is, denied as moot.

SO ORDERED.
Date: 11/19/2024

*/s/James G. Carr*
Sr. U.S. District Judge

---

[1] Though I have not yet declared Plaintiff to be a vexatious filer, I caution Plaintiff that, should he continue to file meritless post-judgment documents in this case, I may do so. *See Stewart v. Fleet Financial*, 229 F.3d 1154, at *2 (6th Cir. Aug. 10, 2000) (Table).