No. 24-4020

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
┌─────────────────────────────────┐
│            FILED                │
│          Mar 3, 2025            │
│   KELLY L. STEPHENS, Clerk      │
└─────────────────────────────────┘
```

| | | |
|---|---|---|
| JOSHUA FIKES, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| DUSTIN SMITH, et al., | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

Before:  WHITE, Circuit Judge.

Joshua Fikes, an Ohio prisoner proceeding pro se, appeals the district court's judgment dismissing his complaint with prejudice for making false statements in his application for leave to proceed in forma pauperis (IFP).  Fikes moves this court for leave to proceed IFP on appeal.  *See* Fed. R. App. P. 24(a)(5).  He also moves this court to expedite this appeal and to grant him a stay. *See* Fed. R. App. P. 8(a)(2); 6 Cir. R. 27(f).  As set forth below, we grant Fikes's IFP motion but deny his other pending motions.

Fikes filed a civil rights complaint under 42 U.S.C. § 1983, alleging that officials working in the mailroom at the Marion Correctional Institution opened and copied his legal mail outside his presence.  Along with his complaint, Fikes filed a motion for leave to proceed IFP, which the district court granted.

The defendants later moved to vacate the district court's order granting Fikes leave to proceed IFP, asserting that he failed to disclose additional incentive pay and gifts deposited into his account.  The district court ordered the defendants to file Fikes's account statements for the three months preceding his IFP motion and ordered Fikes to show cause why his case should not be dismissed with prejudice.  After the parties complied with this order, the district court granted the defendants' motion to vacate and dismissed Fikes's complaint with prejudice, determining that

No. 24-4020
- 2 -

he made misleading statements and omissions in his IFP application. The district court further found that he was not entitled to proceed IFP on appeal. *See* Fed. R. App. P. 24(a)(3). Fikes filed a motion to alter or amend the judgment, which the district court denied. This timely appeal followed.

Fikes now moves this court for leave to proceed IFP on appeal. Where, as here, the district court finds that a litigant is not entitled to proceed IFP on appeal, the litigant may file an IFP motion in this court. *See* Fed. R. App. P. 24(a)(5); *Owens v. Keeling*, 461 F.3d 763, 773-76 (6th Cir. 2006). We may grant the IFP motion if the appeal is taken in good faith and the litigant is indigent. *See Owens*, 461 F.3d at 776. "Good faith" is judged by an objective standard and is demonstrated by seeking "appellate review of any issue not frivolous." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). An issue is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A court must dismiss a case upon determining that the plaintiff's allegation of poverty is untrue. 28 U.S.C. § 1915(e)(2)(A). That dismissal may be with or without prejudice. *See McClafferty v. Portage Cnty., Ohio Bd. of Comm'rs*, No. 21-3335, 2021 WL 5755631, at *4 (6th Cir. Dec. 3, 2021); *see also Reyes v. Fishel*, 996 F.3d 420, 425 (7th Cir. 2021). In his affidavit in support of his IFP application, Fikes indicated that he had received gifts and money from other sources in the past 12 months but marked "N/A" when asked to state the total amount received from those sources. In response to the district court's show-cause order, Fikes asserted that "N/A" meant "Not Available" because he had account records for only the six months preceding his complaint. *See* "n.a.," *Blacks Law Dictionary* (12th ed. 2024). The district court rejected this argument because "Not Available" is not the "main" definition for "N/A," but even if it is a secondary definition, that does not necessarily mean that Fikes's usage was misleading. Fikes has presented a non-frivolous argument as to whether he made false statements in his IFP application.

Fikes moves this court to expedite this appeal, arguing that the record demonstrates that reversal is required and that briefing is unnecessary. Fikes has failed to show good cause to expedite this matter. *See* 6 Cir. R. 27(f).

No. 24-4020
- 3 -

Fikes also moves this court to grant him a stay tolling the statute of limitations.  In support of his motion, he argues that he is likely to succeed on the merits of this appeal.  But if Fikes succeeds on appeal, he has no need for the statute of limitations to be tolled.

For these reasons, we **GRANT** Fikes's motion for leave to proceed IFP on appeal.  The clerk's office is directed to issue a briefing schedule.  We **DENY** Fikes's other pending motions.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk